UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DARON K. HALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:21-CV-266-TAV-DCP |
| | ) |
| STATE OF TENNESSEE, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

The Court is in receipt of a prisoner's pro se petition for habeas corpus relief under 28 U.S.C. § 2254 in which Petitioner seeks to challenge various 2017 convictions in Knox County, Tennessee [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 5]. It appears from the motion for leave to proceed *in forma pauperis* [*Id.*] that Petitioner lacks sufficient financial resources to pay the $5.00 filing fee. Accordingly, Petitioner's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**. Also, for the reasons set forth below, this action will be **DISMISSED without prejudice** due to Petitioner's failure to exhaust his available state court remedies.

It appears that, in his § 2254 petition, Petitioner seeks relief from his convictions based on various allegations of ineffective assistance of counsel [Doc. 1 p. 5]. But Petitioner also repeatedly states in his petition that he has filed a state court petition for post-conviction relief raising the claims in his § 2254 petition and that the state post-conviction court has not yet entered a decision on the merits of those claims [*Id.* at 5–6, 7, 8–9, 10, 12; Doc. 1-1 p. 1]. Moreover, Petitioner makes it clear in his cover letter for the

documents attached to his petition that his state post-conviction petition is currently pending, but that either the state post-conviction court has yet to appoint him counsel, or his appointed counsel has not yet contacted him or provided him any legal assistance [Doc. 1-1 p. 1]. Petitioner then states that he has no knowledge of the proper procedure and requests that this Court assist him in getting counsel appointed in that proceeding [*Id.*].

However, Petitioner does not have a constitutional right to assistance of counsel in his post-conviction proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Moreover, before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims to the state courts so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas corpus relief. *O'Sullivan*, 526 U.S. at 845. A district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas corpus claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Shah v. Quintana,* No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (providing

2

that "a sua sponte dismissal [of a 2241 petition] . . . may be appropriate where a petitioner's failure to exhaust is apparent from the face of the pleading itself).

Thus, Petitioner's allegation that he has not been appointed counsel for his post-conviction petition does not allege a constitutional violation, and it is apparent from the face of his petition that that Petitioner has not exhausted his available state court remedies for the claims in his § 2254 petition. Tenn. S. Ct. R. 39 (providing that Tennessee has determined that presentation of a claim to the Tennessee Court of Criminal Appeals will satisfy the requirement of presentation to the state's highest court). Accordingly, the petition will be **DISMISSED without prejudice** due to Petitioner's failure to first exhaust his available state court remedies.[1]

Next, the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right.

---

[1] Notably, it appears that Petitioner believes that his petition may be untimely [Doc. 1 p. 13 (Petitioner blames prison COVID lockdowns for any untimeliness of his petition); Doc. 1-1 p. 2–3 (state post-conviction court order noting that the Tennessee Supreme Court denied Petitioner's application for review of the opinion of the Court of Criminal Appeals affirming Petitioner's direct appeal of his judgments on December 4, 2019, Petitioner signed his pending pro se state court petition for post-conviction relief on December 10, 2020, the Whiteville Correctional Facility received it for postage on December 22, 2020, and the Knox County Criminal Court Clerk file-stamped it on January 4, 2021). *See* 28 U.S.C. § 2244(d) (providing that federal petition must generally be filed within one year of the date on which the judgment of conviction became final). However, the Court expresses no opinion about the timeliness of the petition, and notes that Petitioner has not requested that the Court stay this action while he exhausts his available state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005) (holding courts have discretion to grant habeas petitioner stay and abeyance in certain limited circumstances).

3

*See* 28 U.S.C. § 2253(c). Where the district court rejects a habeas corpus petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurors would not debate the Court's procedural ruling that Petitioner has not exhausted his available state court remedies for the claims in his petition, a COA will not issue.

For the reasons set forth above:

1. Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 5] will be **GRANTED**;

2. The petition for habeas corpus relief under §2241 will be **DISMISSED without prejudice**;

3. A COA will not issue; and

4. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE